UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| v. | § | No. 3:11-cr-247-M |
| | § | |
| DANIEL K. LEONG (01), | § | |
| CAL GRAVES (02), | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Defendant Cal Wade Graves's Motion to Sever [Docket Entry #23]. For the reasons stated below, the Motion is **DENIED**.

I.   BACKGROUND AND PROCEDURAL HISTORY

On August 24, 2011, Graves and his former employer, Daniel K. Leong, were indicted on multiple counts of defrauding Medicare and Medicaid, as well as conspiracy to commit health care fraud. The Court set a trial date for November 14, 2011 as to both Defendants. On September 26, 2011, Leong filed a motion to continue the trial setting until January 2012 due to his failing health. Graves did not oppose Leong's motion to continue but alerted the Court that he wished to proceed with the November 14 trial date. On October 7, 2011, the Court issued an order continuing the trial until February 21, 2012. On October 7, 2011, Graves filed a motion to sever, pursuant to Federal Rule of Criminal Procedure 14(a), asserting that absent severance (1) his statutory and constitutional rights to a speedy trial will be compromised, and (2) he will be prejudiced by the evidence against Leong. Graves asserts that he only has a minor role in the issues raised in the Indictment, while Leong is the central focus of the alleged conspiracy.

## II.   LEGAL STANDARD

Federal Rule of Criminal Procedure 8(b) permits the joinder in a single indictment of two or more defendants "if they are alleged to have participated in the same act or transaction or in the same series of acts or transactions constituting an offense or offenses."  Fed. R. Crim. P. 8(b). Rule 8(b) requires the trial court to determine the propriety of joinder of defendants, by looking to the substance of the counts in the indictment, and whether the defendants are alleged to have participated in the same act or transaction, or same series of acts or transactions.  Fed. R. Crim. P. 8(b); *United States v. Potashnik*, No. 3:07-cr-289-M, 2008 WL 5272807, at *4–5 (N.D. Tex. Dec. 17, 2008).  There is a preference in the federal system for joint trials of defendants who are indicted together.  *See Zafiro v. United States*, 506 U.S. 534, 537 (1992); *Potashnik*, 2008 WL 5272807, at *4.  However, the court may sever a defendant if joinder appears to prejudice a defendant.  Fed. R. Crim. P. 14(a).  *Zafiro*, 506 U.S. at 539 (finding severance should be granted "only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence"). Severance under Rule 14 is based on the trial court's discretion.  *Zafiro*, 506 U.S. at 539.

## III.   ANALYSIS

A.   Joinder Is Proper Under Rule 8(b)

Although Graves does not contest joinder under Rule 8(b), the Court must analyze whether Defendants are properly joined.  The propriety of a Rule 8 joinder is determined from the face of the indictment, the allegations of which are, facially, accepted as true.  *United States v. Faulkner*, 17 F.3d 745, 758 (5th Cir. 1994).  The indictment alleges that Graves and Leong worked in concert to defraud Medicare and Medicaid.  Therefore, the Court finds joinder is proper.

B.     Denying Severance Will Not Violate Graves's Right to a Speedy Trial

Graves asserts that his right to a speedy trial will be violated if the Court does not grant a severance to allow him to proceed to trial on November 14, 2011.  Citing to *United States v. Jones*, 56 F.3d 581, 584–85 (5th Cir. 1995), Graves argues that granting one co-defendant's motion for continuance may violate another co-defendant's right to a speedy trial.  (Def. Br. 6.)  However, in *Jones*, the trial court "silently granted" an open-ended continuance.  *See Jones*, 56 F.3d at 584–85.  Here, the Court has continued the trial to a date certain, February 21, 2012.

In addition, Graves's reliance on another district court case, *United States v. Stockman*, No. 09-50029-KES, 2010 WL 959928, at *1 (D.S.D. Mar. 12, 2010), where the trial court granted severance when a co-defendant's ill health caused a trial continuance, is misplaced.  The court in *Stockman* found that the movant had not shown his right to a speedy trial had been violated, but noted that the movant had been in pretrial custody for eight months and because it was Stockman's second request for a continuance due to his medical condition, the court concluded it might be some time before Stockman was able to proceed to trial.  *Stockman*, 2010 WL 959928, at *1.  Here, Graves is not in pretrial custody, but rather, has been released, subject to conditions set by the Court.  Moreover, the Court has only granted one continuance on the basis of Leong's medical condition.  If Leong is unable to proceed in February, the Court will reconsider whether a severance is warranted.

Therefore, the Court finds that Graves's right to a speedy trial will not be violated without a severance, nor will Graves be severely prejudiced if he does not proceed to trial on November 14, 2011.

C.     Graves's Assertion of His "Peripheral Position" Does Not Warrant Severance

Graves asserts that he is entitled to severance because his role in the alleged conduct was

so minimal as to warrant separate trials because of "prejudicial spillover," i.e., he will be prejudiced by the evidence against Leong. To obtain a severance, Graves must demonstrate that he will suffer specific and compelling prejudice against which this Court cannot provide adequate protection, and "quantitative disparity in the evidence does not by itself warrant severance nor does the mere presence of a spillover effect." *United States v. Mitchell*, 31 F.3d 271, 276 (5th Cir. 1994). The Court believes that it can protect Graves from prejudicial spillover by instructing the jury to consider the evidence only as to the defendant against whom it is offered, and with other similar instructions. *Id.* (finding district court did not abuse its discretion in denying severance where court instructed jury to separate the evidence and apply it to only the defendant against whom it was offered); *Zafiro*, 506 U.S. at 540–42 (finding district court's instructions to the jury "sufficed to cure any possibility of prejudice").

## IV.   CONCLUSION

For the reasons stated above, the Motion is **DENIED**. Defendant Graves shall proceed to trial jointly with Defendant Leong on February 21, 2012, as set forth in the Court's Order dated October 7, 2011.

**SO ORDERED**.

November 3, 2011.

*[signature]*
BARBARA M. G. LYNN
UNITED STATES DISTRICT JUDGE
NORTHERN DISTRICT OF TEXAS